**In re ESTATE OF Guy OAKLEY,**
**Deceased.**

**ESTATE OF Dudley OAKLEY,**
**Petitioner/Appellant,**

v.

**Rebecca STEWART as Executrix and Trustee of Guy Oakley Estate, and Individually, et al., Respondent/Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

July 17, 1996.

Permission to Appeal Denied by
Supreme Court Nov. 25, 1996.

M. Linda Hughes, Nashville, for petitioner/appellant.

Jimmy P. Lockert, Ashland City, for respondent/appellee.

## SUPPLEMENTAL OPINION

CANTRELL, Judge.

The Supreme Court remanded this case to this court to consider whether the trial judge was correct in directing a verdict for the proponents of the will of Guy Oakley. The Supreme Court's order assumed that the deposition of Dr. Lawrence Grossman was read into evidence at the trial.

We subsequently ordered the parties to brief that point and, further, to brief the question of whether Dr. Grossman's deposition created an issue of fact on Mr. Oakley's competence to make a will on October 4, 1989.

■ The appellants have now moved to be allowed to file the transcript of the evidence. We think this motion comes much too late. After failing to file the transcript in a timely manner, and failing to persuade this court that the failure was justified, the appellants filed a notice of their intent to proceed on the technical record alone.[1] Therefore, since it was on that basis alone that the appeal was allowed to proceed, the motion to file a transcript of the evidence is hereby overruled.

We are still troubled by the precedent we are setting in this case of allowing an appellant to challenge a directed verdict on the basis of a deposition that appears in the record without a complete transcript of the evidence. We cannot know whether the evidence in the deposition was properly before the jury. But the Supreme Court's remand directs this court to reconsider the propriety of the directed verdict in light of the evidence in the deposition.

Therefore, we come finally to the merits of the appeal. Mr. Oakley, a ninety-four year old man, executed his will on October 4, 1989. Dr. Grossman, an internist/cardiologist, had treated Mr. Oakley since 1966. In 1988 the doctor noticed that Mr. Oakley was confused and disoriented, especially when he was in the hospital and on medication. In June of 1989 Mr. Oakley was back in the hospital

suffering from anemia and an enlarged spleen and liver. Dr. Grossman suspected that Mr. Oakley's condition was related to the stomach and colon cancer for which he had been treated previously. On that occasion he left the hospital against medical advice because the hospital had an integrated nursing staff. In July he was back in the hospital for a stomach resection. On both occasions Dr. Grossman found him to be confused and very difficult to reason with. In Dr. Grossman's opinion Mr. Oakley was not mentally competent.

Dr. Grossman treated Mr. Oakley several times in 1990 and he appeared to be confused and disoriented, especially when he was on any sort of medication.

■ The burden in a will contest is always on the one who alleges an unsound mind to prove it. *Harper v. Watkins,* 670 S.W.2d 611 (Tenn.App.1983). That burden requires a contestant to produce evidence from which the jury could infer that the testator, *at the very time of executing the will,* did not know and understand the force and consequences of his act. *American Trust & Banking Co. v. Williams,* 32 Tenn. App. 592, 225 S.W.2d 79 (1948). A testator "is not rendered incapable of making a will by ... old age, blunt perception, or failing mind or memory, if his mind is sufficiently sound to enable him to know and understand what he is doing." *Id.* 225 S.W.2d at 83. Evidence of a prior mental condition due to temporary, superficial, accidental, occasional or intermittent causes or conditions has little or no probative value—not enough to shift the burden of proving the testator's condition at the very time the will was executed. *Id.* 225 S.W.2d at 84.

■ We do not think the evidence in Dr. Grossman's deposition satisfies the contestant's burden. There is no proof of Mr. Oakley's competency on the date he executed the will. Dr. Grossman says that in 1988 and 1989 Mr. Oakley was confused and incoherent when he was in the hospital and on medication. The last time Dr. Grossman saw him before the execution of the will was in

---

1. We think the notice of intent to proceed on the technical record alone is in itself an indication that the appellants had no evidentiary basis on which to challenge the trial court's action.

July of 1989. Dr. Grossman does not attribute Mr. Oakley's confusion to any specific malady other than old age; notably he does not say that Mr. Oakley suffered from a general, continuous, chronic, or progressive disease of the mind. See *American Trust & Banking Co. v. Williams*, 32 Tenn.App. 592, 225 S.W.2d 79 (1948).

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Dickson County for further proceedings. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.